UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 2, 2013

LETTER TO COUNSEL

      RE:      *Lisa Gail Parsons v. Commissioner of Social Security*;
                  Civil No. SAG-12-2829

Dear Counsel:

      On September 21, 2012, claimant Lisa Parsons petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Parsons's reply. (ECF Nos. 12, 13, 14). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Parsons filed her claims for benefits in 2009, alleging disability beginning February 15, 2009. (Tr. 152-57). Her claims were denied initially on May 22, 2009, and on reconsideration on February 18, 2010. (Tr. 76-80, 83-86). On December 15, 2010, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 30-71). On January 26, 2011, the ALJ issued an opinion denying benefits. (Tr. 9-29). The Appeals Council ("AC") denied Ms. Parsons's request for review, (Tr. 1-6), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Ms. Parsons suffered from the severe impairments of right shoulder adhesive capsulitis and torn rotator cuff, status post arthroscopic surgery, reflux sympathetic dystrophy, and adjustment disorder. (Tr. 14). Despite these impairments, the ALJ found that Ms. Parsons had retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can lift ten pounds only occasionally and less than ten pounds frequently, she can do no overhead work, no climbing of ladders, ropes or scaffolds, no crawling, and all other postural activities only occasionally; she can do occasional, as opposed to frequent or constant, handling, fingering, and feeling with her dominant right hand; and she must avoid concentrated exposure to cold and all exposure to hazards. She is further limited to simple, unskilled work, not at production pace, defined as work that his [sic] paid by the piece or assembly

> line work, work with only occasional contact with co-workers and the general public, and work that is low stress, defined as only occasionally needing to make decisions with only occasional changes in the work setting.

(Tr. 17). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Parsons could perform work existing in the local and national economy, and that she therefore was not disabled. (Tr. 23-24).

Ms. Parsons makes several arguments in support of her appeal: (1) that the ALJ failed to evaluate the musculoskeletal listings; (2) that the ALJ failed to properly evaluate her migraine headaches; and (3) that the ALJ lacked sufficient support for her sedentary RFC. Each argument lacks merit.

Ms. Parsons's listing argument is flawed. A claimant bears the burden of demonstrating that her impairment meets or equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). Ms. Parsons has not met that burden. She contends that two musculoskeletal listings arguably apply to her condition: Listing 1.02 (relating to major dysfunction of a joint) and Listing 1.07 (relating to a fracture of an upper extremity). Listing 1.02 requires "involvement of one major peripheral joint in each upper extremity." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02B. The ALJ found no impairment in the use of Ms. Parsons's left arm, so Listing 1.02 is facially inapplicable. Similarly, Listing 1.07 requires a nonunion fracture of an upper extremity "under continuing surgical management." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.07. Again, the medical evidence reviewed by the ALJ provides no support for that finding.

Absent ample evidence suggesting that Ms. Parsons's impairments met one of the listings, the ALJ had no duty to identify the listings or compare the evidence to the listing requirements. *Huntington v. Apfel,* 101 F.Supp.2d 384, 390-92 (D.Md. 2000) (citing *Cook v. Heckler,* 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel,* 68 F.Supp.2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments."). Although Ms. Parsons contends that her impairments may have equaled a listing, she provides no medical opinions in support of that contention. As a result, her listing argument is unpersuasive.

Ms. Parsons next argues that the ALJ erred in not finding her migraines to be a severe impairment. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). The ALJ adjudicated her migraine hearings as "non-severe" at step two, on the basis that her headaches decreased in severity in response to treatment with Topamax, that she did not take other migraine medication at the onset of headaches, and that "[t]here is no indication that the claimant has ever been evaluated by a neurologist for her migraines or pursued any other treatment." (Tr. 15).

Further, a CT scan of her brain revealed no intracranial bleeding or mass effect. (Tr. 681). Ms. Parsons points to records indicating she underwent treatment for migraine headaches on a regular basis. (Tr. 261-70, 313, 343-46, 429-32, 433, 444, 467-68). However, those same records are largely based on Ms. Parsons's complaints, are unsupported by objective medical evidence, and, as the ALJ indicated, do not show that she sought treatment beyond Topamax. *See* (Tr. 343-46) (showing that Ms. Parsons complained to her physical therapist that her migraines were "awful this weekend" and stated her doctor gave her a shot, but that the physical therapist questioned Ms. Parsons's account); (Tr. 429-32) (Nurse practitioner Candance Klopp noted Ms. Parsons's migraine diagnosis, but also stated that no diagnostic tests were performed in support of diagnosis.); (Tr, 433, 444) (Consultative examiners note history of migraines, but make no other mention of the headaches or functional limitations stemming from the headaches.). Further, treating physician Dr. Fox indicated in two letters that Ms. Parsons's shoulder pain triggered migraines, but the ALJ found no treatment records from Dr. Fox to support his assertion. (Tr. 20, 467-68). Even if I were to agree that the ALJ erred in his evaluation of the impairment at Step Two, such error would be harmless. Because Ms. Parsons made the threshold showing that other impairments were severe, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Thomas's ability to work. *See* 20 C.F.R. § 404.1523. In fact, the ALJ discussed Ms. Parsons's testimony regarding her headaches in her RFC analysis, and that her primary care physician treated the headaches with Topamax. (Tr. 18).

In addition, Ms. Parsons points to medical evidence of treatment for migraines subsequent to the December 15, 2010 ALJ hearing, submitted before the AC issued its decision. Ms. Parsons has sought emergency room care for her migraines on several occasions, and consulted her treating physician about her migraine headaches. *See, e.g.,* (Tr. 690-96, 727-51, 758, 762, 764). The AC must review additional evidence only if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991); *see* 20 C.F.R. § 404.970(b). The burden of proving that evidence is new and material rests with the claimant. *See Taylor v. Astrue*, No. 5:09CV7-RLV, 2012 WL 909506, at *4 (W.D.N.C. Mar. 16, 2012) (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)) (finding plaintiff did not satisfy her burden of demonstrating that new evidence was relevant to period on or before ALJ hearing decision); *Fagg v. Chater*, 106 F.3d 390, 1997 WL 39146 (4th Cir. 1997) (outlining the three prerequisites a plaintiff must satisfy to merit remand on the basis of newly discovered evidence). Ms. Parsons has failed to meet that burden. The records in question simply demonstrate that, consistent with earlier treatment, Dr. Nguyen found that Ms. Parsons suffered from "mild [r]ight headaches with photophobia" that improved with Tylenol. (Tr. 762). On January 12, 2012, Dr. Nguyen stated that Ms. Parsons planned to see "Dr. Bird, a neurologist for better management of headaches[,]"(Tr. 758), but there are no records showing that she visited any neurologist. Ms. Parsons therefore failed to meet her burden of establishing the evidence is new and material.

Finally, Ms. Parsons avers that the ALJ lacked sufficient support for her sedentary RFC. Pl. Mot. 38-44. She first asserts that no evidence existed in the record to support the ALJ's finding that she was capable of occasional handling, fingering, and feeling with dominant right

hand. However, Drs. Biddison and Serpick opined that Ms. Parsons had no limitation in her ability to handle, finger, and feel. (Tr. 318, 438). The ALJ also accurately noted that Ms. Parsons's treatment records from September, 2008 through November, 2010 made no mention of problems with her right hand. (Tr. 20) (citing Tr. 644-61, 662-79). Dr. McGinnis found that while Ms. Parsons should continue to try to improve her range of motion in physiotherapy, her right hand grip strength was intact, and that she could perform light duty work. (Tr. 278, 280). While consultative examiner Dr. Zamani reported that Ms. Parsons was unable to handle objects with her right arm, he also indicated that Ms. Parson's "manual muscle testing of the arm, forearm, and wrist and fingers" was 5 out of 5. (Tr. 434). Further, although Dr. Fox stated that Ms. Parson had developed chronic regional pain syndrome or reflect sympathetic dystrophy in her right hand, no treatment notes or diagnostic tests were offered to support that assertion. (Tr. 19) (citing Tr. 467-77). Next, Ms. Parsons argues that no evidence supported the ALJ's finding that she could lift or carry ten pounds occasionally and less than ten pounds frequently, stand or walk approximately two hours in an eight-hour workday, and sit six hours a day. To the contrary, the ALJ discussed the evidence underlying Ms. Parsons's RFC determination over five pages, including her testimony, treatment records, consultative examinations, and the various physician opinions. (Tr. 18-22). Ms. Parsons further argues that the ALJ could not have properly analyzed her pain because she found her migraine headaches to be non-severe. Pl. Mot. 43-44. As discussed above, that argument is without merit. Contrary to Ms. Parsons's allegations, the record contained sufficient evidence to support the ALJ's ultimate determination that Ms. Parsons was capable of occasional use of her right hand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 12) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 13) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge